IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 3438 ELAINE PLACE CONDOMINIUM ASSOCIATION | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. |
| ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, 3438 ELAINE PLACE CONDOMINIUM ASSOCIATION ("**Plaintiff**") by and through its attorneys, and for its Complaint against Defendant ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY and its affiliates (collectively "**Defendant**") upon personal information as to its own activities and upon information and belief as to the activities of others and all other matters, states the following:

## INTRODUCTION

1.      This case involves Plaintiff sustaining tremendous damage to its property as a result a covered direct physical loss.  Plaintiff filed a timely claim with Defendant, its insurer, to obtain the benefits pursuant a policy in which Plaintiff has paid thousands of dollars to maintain.  Instead of providing Plaintiff with all coverages pursuant to its policy, Defendant has acted vexatiously and unreasonably in the settlement of Plaintiff's claim, and has refused to engage in an appraisal in accordance with the terms of Plaintiff's policy.  Plaintiff has made all reasonable attempts to resolve this matter with Defendant amicably outside of this Court, to no avail, and now respectfully submits this Complaint to secure the redress Plaintiff undoubtedly deserves.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties, and the amount in controversy exceeds $75,000.00.

3. Venue for this action properly lies in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this this judicial district, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and the property that is the subject of the action is situated in this judicial district. Further, Defendant transacts business in this judicial district and is therefore subject to personal jurisdiction in this judicial district.

## PARTIES

4. Plaintiff, 3438 ELAINE PLACE CONDOMINIUM ASSOCIATION is the condominium association that governs a building located on and around 3438 N. Elaine Place, Chicago, IL 60657, and is the named insured on a policy with Defendant under Policy Number Z2C H560066 00 at all times relevant to this Complaint.

5. Plaintiff is also an Illinois citizen, being an Illinois corporation filed with the Illinois Secretary of State under File Number 70719002, with its principal place of business being located in Chicago, Illinois

6. Defendant, ALLMERICA FINANCIAL BENEFIT INSURANCE COMPANY is an insurance company affiliated with The Hanover Insurance Company and Citizens Insurance Company of America, and filed with the Illinois Department of Insurance under FEIN 23-2643430 (NAIC Code: 88 41840). Defendant has a Corporate Home address being listed on the Illinois Department of Insurance as 808 North Highlander Way, Howell, MI 48843-1070. Thus, Defendant is a citizen of Michigan, and is engaged in underwriting and issuing insurance policies in this judicial district.

# FACTS COMMON TO ALL COUNTS

7. Plaintiff is a condominium association that governs a building located on and around 3438 N. Elaine Place, Chicago, IL 60657 (the "**Property**") at all times relevant to this Complaint.

8. On or around May 27, 2021, Plaintiff entered into a contract with Defendant to obtain insurance protection for the Property through an insurance policy from Defendant under policy number Z2C H560066 00 (the "**Policy**"). The Policy was effective from May 27, 2021 until May 27, 2022. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

9. In relevant parts, the Policy states the following:

*"We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations* [i.e. Property] *caused by or resulting from any Covered Cause of Loss."* See Exhibit A, pg. 110.

10. Further, the Policy states the following in relevant parts:

***2. Appraisal***
*If we and you disagree on the value of the property or the amount of loss, either party may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:*

***a.*** *Pay its chosen appraiser; and*
***b.*** *Bear the other expenses of the appraisal and umpire equally.* See Exhibit A, pg. 119.

11. On or around that time, Plaintiff paid Defendant at least $5,000.00 towards its insurance premium as good and valuable consideration for the Policy.

12. On or around December 20, 2021, a Covered Cause of Loss occurred on and around the Property, causing the Property to sustain significant property and water damage.

13. On or around that time, Plaintiff notified Defendant of the damage to the Property, and initiated a claim with Defendant under claim number 85-00081312 000 (the "**Claim**"). The Claim was submitted in relation the property and water damage sustained by Plaintiff.

14. Plaintiff subsequently fully adhered to all of its obligations as mandated by the Policy.

15. Despite adhering to all contractual obligations, Defendant has failed to adequately compensate Plaintiff for damages it has sustained that are covered by the Policy when it denied a portion of Plaintiff's Claim on or around March 18, 2022.

16. However, Defendant procured an estimate in relation to the Claim on or around that time, thereby acknowledging Plaintiff sustained covered damage, and further acknowledging at the very least a portion of the damages claimed by Plaintiff is covered by the Policy. Thus, since Defendant has acknowledged coverage, there is a disagreement between Plaintiff and Defendant as to the value of the Property and the amount of the loss.

17. Thereafter, Plaintiff sent a written Demand for Appraisal to Defendant in accordance with the terms of the Policy (the "**Initial Demand for Appraisal**"). A true and correct copy of the Initial Demand for Appraisal is attached hereto as **Exhibit B**.

18. Defendant sent a letter dated June 26, 2023 that denied Plaintiff's Initial Demand for Appraisal ("**Defendant's Denial of Plaintiff's Initial Demand for Appraisal**"). A true and correct copy of Defendant's Denial of Plaintiff's Initial Demand for Appraisal is attached hereto as **Exhibit C**.

19. As a result, Plaintiff retained counsel, who sent a second written Demand for Appraisal (the "**Second Demand for Appraisal**"). A true and correct copy of the Second Demand for Appraisal is attached hereto as **Exhibit D**.

20. However, Defendant failed to honor Plaintiff's Second Demand for Appraisal.

21. Defendant has breached the Policy contract by failing "pay for direct physical loss of or damage to the Covered Property described in the Declarations [i.e. Property] caused by or resulting from any Covered Cause of Loss." *See* Exhibit A, pg. 110. This includes, but is not limited to property damage and other damages far in excess of $75,000.00.

22. Furthermore, Defendant has breached the Policy contract by failing to adhere to its own "Appraisal Provision" outlined its Policy by refusing to perform an appraisal on Plaintiff's Property pursuant to the terms of the Policy, even though Plaintiff has submitted at least two (2) written demands for an appraisal.

23. Defendant has refused to participate in an appraisal to determine the value of the property or amount of the loss even though Plaintiff has fully adhered to all contractual requirements outlined in the Policy. Further, Defendant has acknowledged coverage in relation to the Claim when it sent an estimate with covered damage and other documents to Plaintiff.

24. After numerous attempts by Plaintiff and its representatives to resolve this matter amicably with Defendant, Defendant has continued to act vexatiously and unreasonably in the settlement of Plaintiff's Claim, and has refused to engage in an appraisal as provided for in Plaintiff's Policy. As a result of Defendant's bad faith and breach(es) as described herein, Plaintiff has been left with no choice but to file this Complaint in pursuit of the remedies and damages Plaintiff undoubtedly deserves.

## **COUNT I: DECLARATORY JUDGMENT RELIEF**

25. For paragraph 25 of Count I, Plaintiff incorporate and realleges as if fully set forth herein Paragraphs 1 through 24 above.

26. Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable controversy exists between Plaintiff and Defendant as to the amount of the water loss. Therefore, Plaintiff is entitled to an appraisal in accordance with the terms of its Policy with Defendant.

27. This Court is vested with the power to declare the rights and liabilities of the parties hereof, and to give such other and further relief as may be necessary.

28. Specifically, this Court is vested with the power to review the terms of the Policy, and the facts surrounding the Claim, and compel the parties to proceed with an appraisal in accordance with the terms of the Policy.

**WHEREFORE**, Plaintiff respectfully prays for the entry of an order:

(a) Compelling and requiring Plaintiff and Defendant to proceed with an appraisal in accordance with the terms of the "Appraisal Provision" outlined in Plaintiff's insurance policy to determine the amount of the loss. This requires the appraisal panel to determine the damage to the Property cause by water, the scope of the water damage, the scope of repairing and/or replacing the hail damage, the cost of repairing and/or the water damage, and whether the damage is extensive enough to require the employment of a general contractor;

(b) Staying this action pending the outcome of the aforementioned appraisal; and

(c) Granting to the Plaintiff and against Defendant, any other or further relief as the Court deems appropriate in light of the law, facts, and relevant circumstances.

## **COUNT II: BREACH OF CONTRACT**

29. For paragraph 29 of Count II, Plaintiff incorporate and realleges as if fully set forth herein Paragraphs 1 through 28 above.

30. On or around May 27, 2021, Plaintiff entered into the Policy contract with Defendant, and paid at least $5,000.00 to Defendant towards premiums in good and valuable consideration for the Policy.

31. Plaintiff has substantially performed all its post-loss duties required by the Policy to be performed by Plaintiff, requested of Plaintiff, and/or not waived by Defendant. This includes but is not limited to: (a) providing prompt notice of the water loss; (b) cooperating with Defendant in its investigation of the loss and the ensuing Claim; and (c) filing a lawsuit against Defendant within the requisite time period to file a lawsuit against Defendant.

32. Despite numerous requests, Defendant has failed to "pay for direct physical loss of or damage to the Covered Property at the premises described in the Declarations [i.e. Property] caused by or resulting from any Covered Cause of Loss" related to the water related damages sustained by Plaintiff in relation to this Claim. This includes, but is not limited to the cost to repair and/or replace all of the damage to the Property which is in excess of $75,000.00, thereby resulting in a breach of its insurance Policy with Plaintiff.

33. Despite numerous requests, Defendant has failed to participate in an appraisal in accordance with the terms of the Policy to determine the value of the property and/or the amount of the loss, thereby resulting in another breach of its insurance Policy with Plaintiff.

34. As a direct and proximate result of the aforementioned breach(es), Plaintiff has sustained substantial and ongoing damages that include, but are not limited to damage to property that is in excess of $75,000.00.

35. This action is based on a "written instrument" within the meaning on the Illinois Interest Act. Therefore, Plaintiff is entitled to prejudgment interest.

**WHEREFORE**, Plaintiff respectfully prays for the entry of judgment against Defendant in an amount in excess of $75,000.00 to compensate Plaintiff for all damages sustained as a direct and proximate result of Defendant's aforementioned breach(es) with prejudgment interest, and further, that this Honorable Court grant to the Plaintiff and against Defendant, any other or further relief as the Court deems appropriate in light of the law, facts, and relevant circumstances.

Respectfully submitted,

**BALL & MCCANN, P.C.**
Attorneys for Plaintiff

By: /s/ Steve McCann
Steve McCann

Steve McCann (ARDC #6318252)
**Ball & McCann, P.C.**
*Attorneys for Plaintiff*
161 N. Clark Street, Suite 1600
Chicago, IL 60601
Phone: (872) 205-6556
Fax: (872) 204-0244
Email: Steve@BallMcCannLaw.com